IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>vs.<br><br>DAVID A. LOMBARD,<br>        Defendant. | CASE NO: **4:18CR3032**<br><br>**DETENTION ORDER** |
|---|---|

The defendant is charged with a felony involving a minor victim. On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained pending trial.

There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a felony involving a minor. The defendant has not rebutted this presumption.

Based on the evidence presented and information of record, the court finds by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

Specifically, the court finds there is substantial evidence showing Defendant possessed images depicting the faces of his co-workers' children morphed onto pornographic bodies, thereby creating child pornography; at least some of those images were created using photographs posted on his co-workers' Facebook pages; although law enforcement what they believed to be all of Defendant's devices storing such images, when they returned, Defendant again

possessed devices with such images; Defendant has ample access to computer equipment and significant knowledge on how to use it; and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

### Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated March 23, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge