IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DAVID A. LOMBARD,

Defendant.

4:18-CR-3032

TENTATIVE FINDINGS

The Court has received the presentence investigation report in this case. The defendant has objected to the presentence report (filing 50) and moves for a downward variance (filing 52).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)   impose upon the United States the burden of proof on all Guidelines enhancements;

(d)   impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)   depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)   in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.   The defendant has lodged several objections to the presentence report. Filing 50. To begin with, the defendant objects to the presentence report's inclusion of a paragraph detailing the defendant's alleged authorship of a story, posted online in 2006, that contained graphic sexual content. Filing 50 at 2-6. But, as the Court understands the defendant's argument, he's not objecting to the accuracy of the facts described in the presentence report—rather, he's objecting to its relevance. *See* filing 50 at 2-6. And as support, he spends several pages discussing whether his 2006 writings are "relevant conduct" under the Sentencing Guidelines.

But the defendant is conflating the standards for "relevant conduct" in determining the offense level under the Guidelines, pursuant to U.S.S.G. § 1B1.3, with the more general concept of evidentiary relevance. It's obvious that the defendant's writings aren't "relevant conduct" within

the meaning of § 1B1.3—but the presentence report doesn't say that they are. Instead, the defendant's writings are described in the presentence report because "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. The Court has "wide discretion in the sources and types of evidence" that may be used in "determining the kind and extent of punishment to be imposed" within the applicable legal limits, and "may appropriately conduct an inquiry broad in scope." *Witte v. United States*, 515 U.S. 389, 397-98 (1995).

Accordingly, the Court finds no merit to the defendant's objection that his 2006 writings weren't "relevant conduct," because the presentence report doesn't say otherwise. Rather, the presentence report properly included that information as at least potentially helpful to the Court in determining the appropriate sentence. So, the Court will carefully consider the defendant's arguments about the temporal proximity, similarity, and regularity of his conduct when considering whether to afford weight to that evidence when applying the § 3553(a) factors.

Next, the defendant objects to the two-level enhancement for materials including a prepubescent minor under the age of 12, claiming that "there is nothing to suggest the ages of people in the images." Filing 50 at 6. Similarly, the defendant objects to the enhancement for sadistic or masochistic images, which is also based on possessing images of children under the age of 12. Filing 50 at 8-10. If the defendant objects to any of the factual allegations contained therein on an issue on which the

government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve these issues at sentencing.

The defendant also objects to the assessment of a two-level enhancement based on the use of peer-to-peer file-sharing software, admitting that such programs were found on his computer, but asserting that "there is nothing to suggest those programs were used to share images of child pornography." Filing 50 at 7. "Nothing" isn't precisely accurate: ¶¶ 31-34 of the presentence report detail the forensic examination of the defendant's computer, and the evidence found in metadata and text files suggesting the use of those programs for child pornography. Nonetheless, because the defendant has objected to the facts as set forth in the presentence report, the Court will resolve this issue at sentencing.

3.  The defendant also moves for a downward variance from the Guidelines range based upon his personal characteristics, and reasserting his objections to the presentence report. Filing 52; *see* filing 53. The Court will resolve this motion at sentencing, based on the § 3553(a) factors and the Court's decision in *United States v. Abraham*, 944 F. Supp. 2d 723, 730-32 (D. Neb. 2013).

4.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 10th day of June, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge